UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

J.B., a minor, by MONIQUE　　　　　　　)
BENJAMIN, individually, and as parent　)
and next friend of J.B., et al.,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　Case No. 12-cv-385
　　　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　Judge John W. Darrah
ABBOTT LABORATORIES, INC.,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　　　　　)

## MEMORANDUM OPINION AND ORDER

Plaintiffs filed a Motion for Remand in this action, alleging Defendant,

Abbott Laboratories, Inc. ("Abbott"), failed to establish federal jurisdiction in removing

the case to federal court. For the reasons provided below, Plaintiffs' request for remand

is denied.

## BACKGROUND

This case involves four underlying state-court actions removed to this Court by

Abbott pursuant to 28 U.S.C. §§ 1332(d) and 1446. The underlying actions allege

"claims of children who developed severe birth defects as a result of their mothers'

ingestion of the prescription drug Depakote or related drugs during pregnancy." (Mot.

for Remand at 3.)[1] Depakote is an anti-epileptic drug marketed, promoted, and sold by

---

[1] The four cases removed from Cook County Circuit Court are: *J.B., et al. v.
Abbott Laboratories, Inc.*, Case No. 11-L-8510, with 47 plaintiffs; *Murray, et al. v.
Abbott Laboratories, Inc.*, Case No. 11-L-12695, with 29 plaintiffs; *Burks, et al. v. Abbott
Laboratories, Inc.*, Case No. 11-L-4045, with 2 plaintiffs; and *Leal, et al. v. Abbott
Laboratories, Inc.*, Case No. 11-L-8508, with 49 plaintiffs.

Abbott. (*Id.* at 3-4.) At the time of Plaintiffs' Motion for Remand, ten separate lawsuits had been filed against Abbott relating to Depakote and birth defects: the above-mentioned four cases in the Circuit Court of Cook County; five cases in the Circuit Court of St. Clair County; and one case in the Circuit Court of Madison County. (*Id.* at 4.)

On December 29, 2011, Plaintiffs filed a Motion to Consolidate and Transfer all existing and future Illinois cases in the Supreme Court of Illinois, pursuant to Illinois Supreme Court Rule 384. (*Id.* at 5.) Abbott opposed Plaintiffs' Motion to Consolidate and Transfer, and no ruling has been made by the Illinois Supreme Court on Plaintiffs' Rule 384 Motion. (*Id.*)

Defendant removed the four Cook County cases to this Court; the other six cases were removed to the Southern District of Illinois. (Def.'s Notice of Removal at 2.)[2] Plaintiffs here oppose Abbott's removal of the four Cook County cases and seek to have them remanded back to state court.

## LEGAL STANDARD

Removal of this action was premised, in part, on 28 U.S.C. § 1441(a), which provides: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . .where such action is pending."

---

[2] Plaintiffs also opposed the removal of the cases to the Southern District of Illinois, and on April 17, 2012, Judge G. Patrick Murphy remanded the six cases in the Southern District back to state court. On April 25, 2012, Abbott filed a petition for permission to appeal in the Seventh Circuit pursuant to 28 U.S.C. § 1453(c), seeking a review of the remand order.

A federal district court is deemed to have original jurisdiction over a civil action arising under United States law according to 28 U.S.C. § 1331.

For a case to be removed from state court to federal court, notice of removal must be filed by the defendant within thirty days: (1) after the defendant receives a copy of the initial pleading or (2) after the service of summons on the defendant, if the initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. § 1446(b). Furthermore, if the case is not removable at the initial pleading stage, notice of removal may be filed thirty days after a defendant receives notice that the case is one which may be removed. 28 U.S.C. § 1446(b)(3).

The Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) governs the removal of class actions and mass actions from state to federal court. CAFA has special procedural and diversity requirements for removal. The party seeking removal "bears the burden of establishing the general requirements of CAFA jurisdiction." *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 618 (7th Cir. 2012) (*Appert*). Under CAFA, parties must have minimal diversity, rather than complete diversity, as is usually required. 28 U.S.C. § 1332(d)(2); *see Illinois v. AU Optronics Corp.*, 794 F. Supp. 2d 845, 848 (N.D. Ill. 2011). Additionally, an action must qualify as a "class action" or "mass action," as defined by CAFA, to be removed. A mass action is defined by CAFA as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i). Once federal jurisdiction is

established under CAFA, it cannot be lost by subsequent developments in the case. *Greenberger v. GEICO General Ins. Co.*, 631 F.3d 392, 396 (7th Cir. 2011) (citing *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010)).

CAFA also specifically defines actions which would be excluded from the mass action definition:

> (I) all of the claims in the action arise from an event or occurrence in the State in which the action was filed, and that allegedly resulted in injuries in that State or in States contiguous to that State;
>
> (II) the claims are joined upon motion of a defendant;
>
> (III) all of the claims in the action are asserted on behalf of the general public (and not on behalf of individual claimants or members of a purported class) pursuant to a State statute specifically authorizing such action; or
>
> (IV) the claims have been consolidated or coordinated solely for pretrial proceedings.

28 U.S.C. § 1332(d)(11)(B)(ii). A party seeking remand has an obligation to show that one of these CAFA exceptions applies. *Appert*, 673 F.3d at 618. However, plaintiffs are permitted to structure their actions and claims in a way that avoid removal and remain outside the CAFA grant of federal jurisdiction. *Anderson v. Bayer Corp.*, 610 F.3d 390, 393 (7th Cir. 2010) (*Anderson*).

## ANALYSIS

Plaintiffs present six separate arguments in their Motion for Remand: (1) the underlying actions do not qualify as a single mass action under CAFA; (2) there was never a proposal for a "joint trial," as required by CAFA; (3) if a request for a joint trial was made, it was not made to the trial court and therefore does not invoke CAFA; (4)

Plaintiffs' Rule 384 Motion does not confer federal jurisdiction; (5) any proposal for a mass trial was not unequivocal, and any doubt as to a proposal for a mass trial should be resolved in favor of remand; and (6) the removal is untimely. (Mot. at 6-14.)

In support of their Motion for Remand, Plaintiffs argue that CAFA cases imposed a strong presumption in favor of remand and that Abbott bears the burden of demonstrating the requirements for removal. (Mot. at 2-3.) While it is correct that Abbott bears the burden of demonstrating the existence of federal jurisdiction, in cases involving CAFA, there is not a presumptive preference for remand. The Seventh Circuit has held that under CAFA, there is no presumption *against* removal, stating that CAFA does not "disfavor[] removal of larger-stakes, multi-state class actions." *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). The legislative history of CAFA supports the concept of its expansion of federal jurisdiction. *See Westerfeld v. Independent Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010), (quoting S. Rep. No. 109-14, at 43 (2005) *reprinted in* 2005 U.S.C.C.A.N. 3, 41). "Overall, [CAFA] is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Id.* Considering the expansive scope of CAFA, particularly in light of the legislative history, it is clear there is no definite presumption in favor of remand.

The basis for Abbott's removal under CAFA was Plaintiffs' Rule 384 Motion to Consolidate and Transfer. Illinois Supreme Court Rule 384(a) provides:

> When civil actions involving one or more common
> questions of fact or law are pending in different judicial

circuits, and the supreme court determines that consolidation would serve the convenience of the parties and witnesses and would promote the just and efficient conduct of such actions, the supreme court may, on its own motion or on the motion of any party filed with the supreme court, transfer all such actions to one judicial circuit for consolidated pretrial, trial, or post-trial proceedings.

Plaintiffs state in their motion that "Consolidation will eliminate duplicative discovery and pretrial litigation, prevent inconsistent pretrial and *trial* rulings, and thereby promote judicial efficiency. Further, consolidation will serve the serve [sic] convenience of the parties and witnesses by allowing the parties to coordinate document discovery and a single set of depositions of the key witnesses." (Rule 384 Mot., ¶ 2.) (emphasis added). Moreover, in their memorandum supporting the consolidation motion, Plaintiffs argue consolidation for "proceedings through *trial* will prevent duplication and inconsistency in discovery and court rulings, and will allow the parties to coordinate document discovery, depositions, pretrial litigation, and *trial*." (Rule 384 Mem. at 2.) (emphasis added). Further advocating for the consolidation of the cases, Plaintiffs state: "Rule 384 provides for the transfer of the related cases for *trial* or *post-trial* proceedings, and not solely for pretrial proceedings." (Rule 384 Mem. at 12.) (emphasis added) Plaintiffs' Rule 384 Motion and supporting memorandum clearly intends to move the Illinois Supreme Court to consolidate the 10 complaints for all purposes, including (as they specifically indicate) for purposes of conducting a trial. Abbott, upon receiving notice of this Motion to Consolidate, sought to have the case removed to federal court pursuant to CAFA. (Notice of Removal, ¶¶ 12-13.)

*Plaintiffs' Proposed Consolidation Created a Mass Action Under CAFA*

Plaintiffs' primary argument is that the underlying actions do not constitute a mass action for purposes of CAFA and, specifically, that Plaintiffs never proposed a joint trial. However, the language chosen in their Rule 384 Motion, as explained above, is directly contrary to this assertion. In support of their position, Plaintiffs rely on the Seventh Circuit's opinion in *Anderson*, where the court denied the creation of a mass action under CAFA as proposed by the defendant, finding that where the plaintiffs specifically avoided consolidation of the underlying cases, no federal jurisdiction existed under CAFA. 610 F.3d at 393-94. "Congress has forbidden us from finding jurisdiction based on [Defendant]'s suggestion that the claims be tried together. So long as plaintiffs (or perhaps the state court) do not ***propose*** to try these cases jointly in state court, they do not constitute a mass action removable to federal court." 610 F.3d at 394 (emphasis added). *Anderson* is readily distinguishable from the Plaintiffs' case because, here, the Plaintiffs *did* specifically propose consolidation in their Rule 384 Motion.

A closer analogy to the present case is found in *Bullard v. Burlington Northern Santa Fe Ry. Co.*, 535 F.3d 759, 761 (7th Cir. 2008) (*Bullard*). *Bullard* also involved an action filed in Cook County and removed to the Northern District of Illinois under CAFA. The Plaintiffs in *Bullard* moved for remand; the district court denied their motion, and the Seventh Circuit affirmed this denial. *Id.* The Seventh Circuit explained that in determining if an action can be characterized as a mass action, "[t]he question is not whether 100 or more plaintiffs answer a roll call in court, but whether the "claims" advanced by 100 or more persons are ***proposed*** to be tried jointly." *Bullard*, 535 F.3d at

762 (emphasis added). As noted above, the Seventh Circuit reasserted this rationale in *Anderson*, where the court affirmed a remand to state court on the basis that the defendants could not suggest the claims be joined together to confer jurisdiction for removal. *Anderson*, 610 F.3d at 394. The *Anderson* court cited *Bullard*, stating, "[w]e also noted that the § 1332(d)(11) [provision] extended to a situation where only a few representative plaintiffs would actually go to trial, with claim or issue preclusion to be used to dispose of the remaining claims without trial." *Id*. Provided the trial will have an impact on the claims of the one hundred or more plaintiffs in the case at hand, federal jurisdiction under CAFA is proper. It is insignificant to this analysis whether or not the subsequent trial ends up employing a bellwether approach, pursuing the claims of only one or a few plaintiffs. The federal jurisdiction is triggered under CAFA at the *proposal* of a consolidated, or joint, trial. 28 U.S.C. § 1332(d)(11)(B)(i). Here, as set out above, Plaintiffs' Rule 384 Motion specifically proposed a consolidated trial, stating they sought to "facilitate the efficient disposition of a number of universal and fundamental substantive questions applicable to all or most Plaintiffs' cases" by consolidating the cases for purposes of pre-trial and trial proceedings. (Rule 384 Mem. at 14.)

Furthermore, the instant action does not fall into one of the four categories in CAFA which identify specific exclusions to the "mass action" definition. The only potentially relevant exclusion is the fourth, which provides that a mass action does not include a civil action in which: "the claims have been consolidated or coordinated solely for pretrial proceedings." 28 U.S.C. § 1332(d)(11)(B)(ii). "So long as plaintiffs . . . do not *propose* to try these cases jointly in state court, they do not constitute a mass action

8

removable to federal court." *Anderson*, 610 at 394. However, as discussed above, Plaintiffs, in their Rule 384 Motion, specifically sought coordination and consolidation of the cases *beyond* preliminary and pretrial proceedings, and their Motion cannot reasonably read as a request for consolidation only for pretrial proceedings. Therefore, Plaintiffs' attempt to characterize their Rule 384 Motion as something narrower than the relief specifically sought is not persuasive.

Plaintiffs argue Abbott's motion for removal was premature because it was "filed before the cases have been consolidated." (Mot. at 9.) Their position is in direct contradiction with the language of CAFA and the removal statute, 28 U.S.C. § 1446. Section 1446(b) requires a notice of removal to be filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper *from which it may first be ascertained that the case is one which is or has become removable.*" 28 U.S.C. § 1446(b)(3) (emphasis added). Abbott first learned that the case was removable upon receipt of the Plaintiffs' 384 Motion, which proposed consolidation of the case for trial. (Notice of Removal at 4.) As CAFA triggers federal jurisdiction when a joint trial is *proposed*, Abbott was obligated to file a notice of removal within thirty days of Plaintiffs' 384 Motion's being filed, or Abbott may have risked waiving its right to removal if it were to be required to wait for the Illinois Supreme Court to rule on the motion (which, to date, has not yet occurred). Therefore, Abbott's notice of removal was not premature.

Plaintiffs also argue in their motion that Defendant's Notice of Removal came too late and should therefore be denied as untimely. (Mot. at 13-14.) In support of this

argument, Plaintiffs present the Circuit Court of Cook County Order, signed by Presiding Judge William Maddux, dated October 17, 2011, which reassigns all related cases removed here from Cook County to Judge Daniel Pierce on the court's own motion. (Mot., Ex. E.) Plaintiffs argue that if the phrase "through trial" creates federal jurisdiction under CAFA, then federal jurisdiction was granted by the language of this October 17 order. (Mot. at 14.) This argument of untimeliness also fails because a court cannot create "mass action" jurisdiction under CAFA. *See Koral v. Boeing Co.*, 628 F.3d 945, 947 (7th Cir. 2011) (holding "that [a] state court's deciding on its own initiative to conduct a joint trial would not enable removal.") The Cook County Court's *sua sponte* motion to reassign all the cases to be heard by one judge did not create federal jurisdiction under CAFA; only a motion by the plaintiff, proposing consolidation for trial, would establish this jurisdiction. The Plaintiffs' Rule 384 Motion intended to do exactly that and *did* establish federal jurisdiction under CAFA. Therefore, Abbott's Notice of Removal upon receiving notice of the Rule 384 Motion was proper and timely.

## CONCLUSION

The matter before the Court is a simple one: if the Plaintiffs unequivocally proposed to have a consolidated, joint trial in their Rule 384 Motion, then CAFA was triggered, and Abbott properly asserted the federal jurisdiction CAFA confers. Plaintiffs' Rule 384 Motion demonstrates the Plaintiffs' request was for a joint trial by considering the very words the Plaintiffs chose in their motion. Plaintiffs' attempt to recharacterize their Rule 384 Motion to avoid federal jurisdiction is not persuasive. For the reasons stated above, Plaintiffs' Motion to Remand is denied.

Date: 5-9-12

JOHN W. DARRAH
United States District Court Judge